UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
                                             Case No. 10-69825-SWR  
                                             Chapter 7  
Hope Ryan and                           Hon. Steven Rhodes  
Matthew James Young,

           Debtors.
_____/

**Opinion Granting U.S. Trustee's  
Motion to Dismiss Under 11 U.S.C. § 707(b)(3)**

The United States Trustee filed a motion to dismiss this case for abuse under 11 U.S.C. § 707(b)(3). The debtors filed a response in opposition to the motion. The debtors also filed amended schedules disclosing substantial increases in their monthly expenditures. For the reasons stated below, the motion to dismiss is granted.

**I.**

Where debts are primarily consumer debts, the court may, after notice and a hearing, dismiss a Chapter 7 petition "if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1). Under § 707(b)(3), in determining whether granting relief would be an abuse, the court is required to consider "(A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." 11 U.S.C. § 707(b)(3)(A) and (B). The court in *In re Krohn*, 886 F.2d 123 (6th Cir. 1989), stated:

> In determining whether to apply § 707(b) to an individual debtor, then, a court should ascertain from the totality of the circumstances whether he is merely seeking an advantage over his creditors, or instead is "honest," in the sense that his relationship with his

creditors has been marked by essentially honorable and undeceptive dealings, and whether he is "needy" in the sense that his financial predicament warrants the discharge of his debts in exchange for liquidation of his assets. . . . Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. . . . Other factors relevant to need include whether the debtor enjoys a stable source of future income, whether he is eligible for adjustment of his debts through Chapter 13 of the Bankruptcy Code, whether there are state remedies with the potential to ease his financial predicament, the degree of relief obtainable through private negotiations, and whether his expenses can be reduced significantly without depriving him of adequate food, clothing, shelter and other necessities.

*Id.* at 126-27 (citations omitted).

The U.S. Trustee contends that because the debtors can make a substantial repayment to creditors (up to 32%) out of future earnings through a Chapter 13 plan, their Chapter 7 petition should be dismissed as an abuse under the totality of circumstances. The U.S. Trustee must prove abuse by a preponderance of the evidence. *In re Beckerman,* 381 B.R. 841, 844 (Bankr. E.D. Mich. 2008).

## II.

The facts are undisputed. The debtors, Matthew James Young and Hope Ryan, are married with two young children. Young earns approximately $95,000.00 per year working as a web developer. His take home pay is $4,824.56 per month. Ryan is unemployed and recently began attending college with further plans to obtain a master's degree. The debtors own a home that is valued at $120,340, subject to a first mortgage of $129,143.14 and a second mortgage of $32,041.34. The debtors also have $92,932.52 in unsecured debts, consisting primarily of credit card debt. Their amended schedules of income and expenditures show a net monthly deficit of $2,140.44. The U.S. Trustee challenges many of the debtors' expenses. The Court will address each of the U.S. Trustee's objections in turn.

### A. Young's 401(k) Loan Repayment Contributions

In their amended schedule J, the debtors list a $113.31 per month expense for Young's 401(k) loan repayment. These payment obligations are scheduled to terminate near the end of 2013 – roughly 33 months from now. The U.S. Trustee argues that if the debtors file a Chapter 13 plan, they could pay $113.30 toward the unsecured creditors for the remaining 27 months of a 60-month Chapter 13 plan, for a total repayment of $3,059.10. The debtors do not dispute this point in their opposition brief. The Court agrees.

### B. Ryan's College Tuition and Attendant Child Care Expenses

The debtors also list monthly expenses of $1,250 for Ryan's tuition, $1,106 for child care, and $80 for Ryan's on-campus parking costs. The U.S. Trustee contends that Ryan's college tuition and attendant expenses of childcare and parking are not expenses reasonably necessary for the maintenance of the debtors' household. This Court agrees.

In a similar case, *In re Gilmore*, 2010 WL 2342441 (Bankr. N.D. Ohio 2010), the debtors claimed $1,509 per month in education and child care expenses, where the child care expenses were incurred solely for the non-working debtor to attend school. The U.S. Trustee filed a motion to dismiss for abuse. The court observed, "If the debtors were allowed to take deductions for educational and child care expenses, they would be effectively requiring their creditors pay into a fund to enhance their future income." *Id.* at *4. The court continued, "[The debtors] intentionally decreased their present income and dramatically increased their expenses by Mrs. Gilmore returning to school, enabling them to sidestep chapter 13 in favor of chapter 7. Shortly thereafter, Mrs. Gilmore will complete school and the debtors will have higher income than ever. Creditors will receive nothing." *Id.*

Allowing Ryan to continue her education not only places great strain on the debtors' already fragile finances, but also decreases their ability to repay their debts to their unsecured creditors. It

would be inequitable for the Court to allow Mrs. Ryan to invest in her future while seeking a discharge of her current debts. Although higher education is a worthy goal, it is not an entitlement nor is it a necessity of life such as food, clothing, or shelter. Likewise, the childcare and parking expenses incurred pursuant to her education are also not reasonable.

The debtors argue that they would be financially worse off if Ryan were to discontinue her education because her student loan obligations would become due within six months. The Court does not find this contention credible. Education loan repayment programs often allow for loan forbearance or reduced monthly payments, and in any event should be dealt with in a chapter 13 plan.

### C. The Debtors' Unpaid Housing Expenses

The debtors currently reside in their home while awaiting a sheriff's sale and notice of eviction. The debtors listed $1,500 per month (originally $1,200 per month) for housing in their amended expense schedule. The U.S. Trustee's reply brief argues that because the debtors are currently not incurring any housing expenses during their six-month statutory right of redemption period, the debtors should have $9,000 (6×$1,500) available to repay creditors. The Court agrees that the debtors should repay creditors with funds saved as a result of expenses not incurred. Because the debtors reported a housing expense of $1,200 until they filed an amended schedule J in March 2011, the amount available to repay creditors should be calculated as $1,200 per month for the months of the redemption period that ran before March 2011. The Court does not find the amended housing expense of $1,500 to be unreasonable.

### D. The Debtors' Income Tax Refunds

The debtors have provided the U.S. Trustee with a projection of their 2011 federal and state income tax refunds, prepared by CPA John Gurin. He anticipates a federal refund of $3,261 and a State of Michigan deficit of $227. The U.S. Trustee stipulates to $3,034 ($3,261-$227) as the

4

10-69825-swr    Doc 59    Filed 10/03/11    Entered 10/03/11 16:14:23    Page 4 of 5

correct amount to anticipate the debtors will receive in income tax refunds going forward. The U.S. Trustee argues that these refunds should be used to repay unsecured creditors. The debtors argue that even assuming they prorate their income tax refund and apply it to their monthly budget, they would still face a monthly budget deficit. However, as the Court has already determined that the debtors' education and child care expenses are unreasonable, elimination of these expenses would create a surplus. Thus, the Court agrees with the U.S. Trustee that any future tax refunds should be used to repay creditors.

### III.

The Court concludes that the debtors are able to make a substantial repayment to their creditors – approximately 15% repayment by a conservative estimate and as much as 30% or more by a more optimistic estimate. For this reason, the U.S. Trustee's motion to dismiss is granted.

Not for Publication

**Signed on October 03, 2011**

                                                    **/s/ Steven Rhodes**
                                                  **Steven Rhodes**
                                                  **United States Bankruptcy Judge**